**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| MICHELLE R. WOOD HAMILTON,<br>　　　PLAINTIFF,<br><br>VS.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL SECURITY,<br>　　　DEFENDANT. | §<br>§<br>§<br>§   CIVIL ACTION NO. 4:04-CV-878-Y<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND
NOTICE AND ORDER**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A.　STATEMENT OF THE CASE

Plaintiff Michelle Wood Hamilton brings this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying her claim for disability benefits under Title II and supplemental security income or SSI benefits under Title XVI of the Social Security Act. She applied for SSI benefits on September 21, 2001 (her protective filing date) and disability insurance benefits on January 28, 2002, alleging she has been disabled since February 1, 2000. (Tr. 89, 498). Hamilton met the requirements for disability insured status through the date of the administrative

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 1**

decision.

After the Social Security Administration denied her applications for benefits initially and on reconsideration, Hamilton requested a hearing before an administrative law judge (the "ALJ"), and ALJ Ward King held a hearing on October 15, 2003 in Fort Worth, Texas. (Tr. 41-62). Hamilton was represented by counsel. On December 15, 2003, the ALJ issued an unfavorable decision. The ALJ found that Hamilton was capable of performing a restricted range of light work activity and accordingly was not disabled or entitled to disability insurance or SSI benefits. (Tr. 12-19). The Appeals Council denied Hamilton's request for review of her case, leaving the ALJ's decision to stand as the final decision of the Commissioner. (Tr. 3).

B.   STANDARD OF REVIEW

The Social Security Act defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d), 1382c(a)(3)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. §§ 404.1520, 416.920. First, the claimant must not be presently working at any substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. §§ 404.1527, 416.972.  Second, the claimant must have an impairment or combination of impairments that is severe. An impairment or combination of impairments is severe if it has more than minimal effect on the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 2**

378, 392 (5th Cir. 2000). At the third step, disability will be found if claimant's impairment or combination of impairments meets or equals an impairment listed in the appendix to the regulations. *Id.* §§ 404.1520(d), 416.920(d). Fourth, if disability cannot be found on the basis of claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work. *Id.* §§ 404.1520(e), 416.920(e). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience. *Id.* §§ 404.1520(f), 416.920(f); *Crowley v. Apfel,* 197 F.3d 194, 197-98 (5th Cir.1999).

At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant satisfies this responsibility, the burden shifts to the Commissioner at step five of the process to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Crowley*, 197 F.3d at 198. If the Commissioner meets this burden, the claimant must then prove that he cannot in fact perform the work suggested. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). A finding at any point in the five-step process that a claimant is disabled or not disabled is conclusive and terminates the analysis. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is

more than a mere scintilla, but less than a preponderance. *Id*. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir.2000); *Hollis*, 837 F.2d at 1383.

C. ISSUES

Whether the ALJ's decision, and in particular the assessment of Hamilton's residual functional capacity, is supported by substantial evidence.

D. ADMINISTRATIVE RECORD

Because Hamilton raises a relatively narrow complaint with respect to the ALJ's determination that she has a moderate impairment in concentration, persistence or pace, only a limited review of Hamilton's medical history is necessary. She does not challenge the finding that she has a moderate impairment, but instead asserts that the ALJ did not accurately present this limitation to the vocational expert during the administrative hearing.

Born December 5, 1969, Hamilton was thirty years old on her alleged onset date. (Tr. 89). She completed the tenth grade in school and has not obtained a GED. (Tr. 45). Hamilton was diagnosed with diabetes mellitus in 1995. She has a history of difficulty controlling her blood sugar levels and has experienced symptoms consistent with early diabetic neuropathy, especially in her feet. Beginning in 2001, Hamilton has also received mental health treatment for mood swings and anger. She has been diagnosed with Bipolar Disorder, depression, and an anxiety disorder, and she takes medication to alleviate her symptoms.

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 4**

The ALJ found that Hamilton had not engaged in substantial gainful activity since her alleged onset date and suffered from several severe impairments, including insulin-dependent diabetes mellitus, diabetic peripheral neuropathy in her feet, bipolar disorder, depression with psychotic features, and an anxiety disorder. (Tr. 13). However, Hamilton was not found to have impairments or a combination of impairments that met or equaled the severity of any impairment listed in the appendix to the disability regulations. In assessing Hamilton's mental impairments specifically, the ALJ found that Hamilton was mildly restricted in her activities of daily living, had moderate difficulty maintaining social functioning, moderate deficiencies in concentration, persistence, or pace, and no episodes of deterioration in work or work-like settings. (Tr. 16).

The ALJ further found that Hamilton retained the residual functional capacity for a modified range of light work if she took seizure precautions and was limited to walking no more than two or three hours in a standard workday, only superficial contact with the public, and tasks requiring a reasoning level of one, two or three as defined in the Dictionary of Occupational Titles (DOT). "Level 3" reasoning skills require commonsense understanding to carry out instructions furnished in a written, oral, or diagrammatic form and deal with problems involving several concrete variable in or from standardized situations. *See* DICTIONARY OF OCCUPATIONAL TITLES app. C (rev. 4th ed. 1991) (Scale of General Education Development). "Level 2" reasoning skills require the employee to apply commonsense understanding to execute detailed but uninvolved instructions and deal with problems involving a few concrete variables in or from standardized situations. *See id.*. "Level 1" reasoning skills require the application of commonsense understanding to carry out simple one- or two-step instructions and dealing with standardized situation with occasional or no variable in

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 5**

situations encountered on the job. *See id.*

The ALJ retained a vocational expert, Donna Humphries, to testify during the administrative hearing and asked Humphries to consider a claimant of Hamilton's age, education, work experience, and residual functional capacity. (Tr. 58-59). Humphries testified that Hamilton could perform none of her past relevant work given her current limitations, but there were light, unskilled jobs available in significant numbers in the national economy. (Tr. 59). Suitable jobs included work as a garment sorter, a hand packer, and an assembler. (Tr. 59).

The ALJ accepted the vocational expert's testimony, and based on that testimony, found Hamilton was not disabled at Step Five of the sequential evaluation process because she was capable of performing other work available in significant numbers. (Tr. 17-18).

D.  DISCUSSION

Hamilton contends that the ALJ's decision at Step Five is unsupported by substantial evidence because the ALJ did not properly evaluate the vocational significance of her nonexertional limitations. Hamilton complains that the ALJ did not adequately incorporate her moderate impairment in concentration, persistence or pace in the functional limitations presented to the vocational expert, and because of this deficiency, the vocational expert's testimony cannot be used as an evidentiary basis for finding Hamilton is not disabled.

The hypothetical presented to the vocational expert must reasonably incorporate all of the disabilities recognized by the ALJ's residual functional capacity assessment, and the claimant or his representative must be afforded the opportunity to correct any deficiencies in the ALJ's question. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). A claimant's failure to point out problems in

a defective hypothetical does not salvage that hypothetical as a proper basis for a disability determination. *Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001).

Hamilton contends that merely limiting her to the lower end of detailed work was an insufficient reflection of her moderate impairment in concentration, persistence or pace and was a judgment outside the ALJ's expertise.[1] Hamilton confuses the ALJ's determination at Steps 2 and 3 of the sequential evaluation process with the mental RFC assessment used at Steps 4 and 5 of the sequential evaluation process. *See* SOCIAL SECURITY RULING 96-8p.

The regulations outline a procedure (referred to as "the technique") for evaluation of mental impairments. First, symptoms, signs, and laboratory findings are evaluated to determine whether the claimant has a medically determinable mental impairment. 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1). Once an impairment is found, the administration will rate the degree of functional limitation resulting from the impairment. *Id*. §§ 404.1520a(b)(2), 416.920a(b)(2). Four broad functional areas are recognized: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *Id*. §§ 404.1520a(c)(3), 416.920a(c)(3). After rating the claimant's functional limitations, the administration determines whether the impairment is severe or not severe (Step Two) given the degree of functional loss found in the four given areas. *Id*. §§ 404.1520a(d), 416.920a(d). If the claimant has a severe impairment that neither meets nor equals a listed impairment (Step Three), the adjudicator then proceeds to an

---

[1] In her reply brief, Hamilton asserts that the ALJ failed to make specific findings that she could apply commonsense understanding to carry out detailed but uninvolved written or oral instructions or instructions furnished in a written, oral, or diagrammatic form. (Plf. Reply at 5). The record, however, demonstrates that the ALJ made these findings when he incorporated Hamilton's ability to perform tasks with a reasoning level of 1, 2, or 3 (as defined by the DOT) into the RFC assessment.

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 7**

assessment of the claimant's residual functional capacity. *Id*. §§ 404.1520a(d)(3), 416.920a(d)(3). In comparison, the RFC assessment used at Steps Four and Five is a more detailed assessment and itemization of various functions that compose the broader categories, i.e, concentration, persistence or pace, used at Steps 2 and 3. *See* SOCIAL SECURITY RULING 96-8p.

The ALJ, in applying the technique at Steps 2 and 3 of the sequential evaluation process, found moderate restrictions in Hamilton's social functioning and concentration, persistence or pace. (Tr. 18). Although Hamilton complains that the ALJ then "reinterpreted" these findings by limiting her to superficial public contact and less detailed tasks, the ALJ was simply proceeding to the next step in the sequential evaluation process and fulfilling his responsibility to assess Hamilton's mental RFC.

Hamilton asserts that the ALJ should have obtained an expert residual functional capacity (RFC) assessment because such an assessment is required unless the extent of a claimant's functional loss is apparent even to a lay person. Her position is contrary to the law. The RFC assessment is an administrative function and the ALJ is responsible for that assessment at the administrative hearing level. *See* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2), 404.1546, 416.946.

Although Hamilton contends that the ALJ had no basis for equating a moderate impairment in concentration, persistence or pace with the ability to perform work at the lower end of detailed instruction, the ALJ's assessment is supported by the medical evidence. Hamilton underwent two mental health consultative evaluations, with what the ALJ described as fairly benign results. (Tr. 16, 159, 350). The ALJ also acknowledged that Hamilton had sought professional treatment for her mental impairments. He noted that her condition improved with treatment, but she had not always

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 8**

complied with her prescribed treatment regimen.  (Tr. 16).  The ALJ also reviewed Hamilton's formal and informal mental status examinations and resolved conflicts in the evidence concerning her mental status.  Hamilton has not challenged the ALJ's assessment of her mental health treatment records or the ALJ's resolution of the conflicts in the evidence.

Hamilton also complains that a worker must "persist" at even unskilled work and that some unskilled assembly or hand packing work may involve a faster work pace than semi-skilled or skilled positions would require.  There is no evidence in the record to support Hamilton's speculation about the possible pace requirements of the unskilled jobs identified by the vocational expert.  Hamilton's counsel asked several questions during the hearing, but none concerned work speed or pace.  The ALJ found that Hamilton's mental impairments could be accommodated by limiting her to superficial public contact and work at the lower end of detailed reasoning, and that finding has the support of substantial evidence.  There is no requirement that the ALJ question the vocational expert about additional limitations that he does not find to exist.  Moreover,  Hamilton does not challenge the pace requirements for the job of garment sorter, which the vocational expert also identified as suitable for someone of Hamilton's age, education and RFC.

The Commissioner's decision is supported by substantial evidence and has not been shown to be a product of legal error.

## RECOMMENDATION

It is recommended that the decision of the Commissioner be affirmed.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until July 19, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

### ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until July 19, 2005 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

**Findings, Conclusions and Recommendation of**
**the United States Magistrate Judge–Page 10**

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED JUNE 28, 2005.

　　　/s/ Charles Bleil　　　
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE